

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East-7th Floor*
*Brooklyn, NY 11201*

July 3, 2012

**By ECF**
Honorable John Gleeson
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Alan Berkun v. Duke Terrell, Warden*
               No. 12-CV-706 (JG)

Dear Judge Gleeson:

      This Office represents Duke Terrell, former Warden of the Metropolitan Detention Center in Brooklyn ("MDC"), in the above-referenced action in which Alan Berkun seeks a writ of habeas corpus on the grounds that prison officials allegedly violated his "right" to be mailed a jigsaw puzzle that he ordered from Amazon.com. *See* ECF No. 1, Petition at 1 ¶ 3; *see also* ECF No. 6, Mem. in Support of Petition ("Pet. Mem.") at 1.

      On June 29, 2012, we appeared for oral argument on Berkun's Petition. During oral argument, Berkun withdrew his claim that his First Amendment rights were violated when the MDC refused his request to obtain a jigsaw puzzle as personal property. Instead, Berkun raised, for the first time, an argument that federal regulations governing inmate personal property—specifically, 28 C.F.R. §§ 553.10 and 553.11—are invalid, both facially and as applied. Following oral argument, the Court directed the Government to respond to Berkun's newly-fashioned claim. *See* ECF Docket Entry dated June 29, 2012. As demonstrated below, and for all of the reasons provided to date, Berkun's Petition should be denied, and this action should be dismissed.

  A.  **The Court Lacks Subject Matter Jurisdiction**

      As stated in our April 30, 2012, submission, the sole function of a *habeas* action is to grant relief from unlawful conditions of imprisonment or custody; it cannot be used properly for any other purpose. *See Fay v. Noia*, 372 U.S. 391, 430-31 (1963) ("[h]abeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power . . . .); *see also Pollard v.*

Hon. John Gleeson
July 3, 2012
Page 2

*Terrell*, No. 10-cv-4811, 2011 WL 5117590, at *3 (E.D.N.Y. Oct. 24, 2011);[1] *Gutierrez v. Maye*, No. 09-CA-225, 2009 WL 3584646 (W.D. Tex. Oct. 26, 2009) (report and recommendation adopted) (prisoner could not challenge BOP's application of 28 C.F.R. § 553.11 in the context of a *habeas* action or through a claim under the Administrative Procedure Act ("APA")).

Even construing Berkun's Petition as an APA challenge outside the *habeas* context, judicial review is not appropriate where, as here, an "agency action" is "committed to agency discretion by law."  *See* 5 U.S.C. § 701(a)(2); *see also* ECF No. 11, Apr. 30, 2012 letter, at 4-5.  Accordingly, because Berkun's claim does not relate to the execution or calculation of his sentence, and because the BOP's discretionary determinations are not otherwise subject to judicial review, the Court should dismiss this action for lack of subject matter jurisdiction.

### B.  Regulations Governing Berkun's Personal Property are Valid

#### 1.  The Regulations are Facially Valid

Congress has placed the "control and management" of all federal penal and correctional institutions in the BOP, under the direction of the Attorney General, who "shall promulgate rules for the government" of such institutions.  18 U.S.C. § 4001(b)(1); *see also* 18 U.S.C. § 4042(a)(1) (the Attorney General shall "have charge of the management and regulation of all Federal penal and correctional institutions").  In turn, the Attorney General has delegated to the BOP his authority, functions, and duties "relating to the commitment, control, or treatment of persons . . . charged with or convicted of offenses against the United States . . . ."  28 C.F.R. § 0.96.

Among other regulations promulgated to facilitate the orderly administration of BOP institutions are those that govern inmates' possession of personal property, 28 C.F.R. §§ 553.10 and 553.11.  Specifically, 28 C.F.R. § 553.10 provides that inmates may possess "only that property . . . which is approved by [institutional] staff to be mailed to, or otherwise received by an inmate."  28 C.F.R. § 553.10.  Further, 28 C.F.R. § 553.11 sets forth specific limitations on the quantity and kinds of personal property—including "hobbycraft materials"—that inmates may possess.  *See* 28 C.F.R. § 553.11(e).

Title 28 C.F.R. §§ 553.10 and 553.11 are facially valid.  First, these regulations have been promulgated pursuant to federal law, and they are entirely consistent with Congress' mandate that the BOP control and manage all federal penal and correctional institutions.  *See* 18 U.S.C. §§ 4001(b)(1) and 4042(a)(1).  Indeed, by its terms, 28 C.F.R. § 553.10 indicates that the "purpose and scope" of rules governing inmates' personal property is to "contribute to the management of inmate personal property in the institution . . . ."  28 C.F.R. § 553.10; *see also* 28 C.F.R. § 553.11 (referring to rules that promote "good order of the institution" and prevent "fire,

---

[1] Pursuant to Local Civil Rule 7.1(c), a copy of this and all other unreported decisions cited in this letter are provided to the Mr. Berkun herewith.

Hon. John Gleeson
July 3, 2012
Page 3

sanitation, security, or housekeeping hazard[s]").

Second, given the BOP's broad statutory mandate to administer penal institutions, and in light of the unique challenges of orderly prison administration, courts have widely recognized the necessity of regulating the personal property of inmates and have urged deference to the judgment of prison officials. Specifically, the Supreme Court has held that "prison administrators . . . should be accorded wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order . . . ." *Bell v. Wolfish*, 441 U.S. 520, 545, 550 (1979) (upholding ban on inmate receipt of certain hardback books and packages containing personal property and food); *see also Thornburgh v. Abbott*, 490 U.S. 401, 416 (1989) (prison authorities have broad discretion to regulate "the entry of material into a prison"); *Jackson v. Fed. Bureau of Prisons*, 93 Civ. 1444, 1994 WL 282086 (S.D.N.Y. June 22, 1994) (finding that the regulation of inmates' possessions was justified because it served "institutional needs and objectives").

Given that the Supreme Court has long recognized that an inmates' personal property and receipt of mail may be limited by prison regulations, it cannot be seriously disputed that 28 C.F.R. §§ 553.10 and 553.11 are facially valid.[2] Thus, the Court should reject Berkun's contention that such regulations are invalid.

### 2. The Regulations are Valid as Applied

Title 28 C.F.R. §§ 553.10 and 553.11 are also valid as applied to Berkun's request to possess a jigsaw puzzle that he ordered over the Internet. In arguing that prison officials arbitrarily denied his request to receive a jigsaw puzzle he ordered online, Berkun states that he "tested" the MDC's mail system by receiving a 9-piece puzzle sent to him by his child. *See* Pet. Mem. at 5 (attaching copy of 9-piece puzzle "for dad," which appears to be smaller than a standard sheet of paper and contains a handwritten note from Berkun's child). Berkun concludes that "if the BOP could process a 9-piece puzzle . . . then a jigsaw puzzle ordered from www.amazon.com would not present any difficulties at all." *Id.* at 3.[3] Berkun's logic is flawed.

Prison officials are best suited to determine the kind and quantity of personal property prisoners may receive through the mail and may possess while in federal custody. That Berkun was permitted to receive a 9-piece puzzle which contained a note from his child demonstrates that prison officials determined that the particular "puzzle" in question did not raise the same concerns that a full-sized jigsaw puzzle might.

---

[2] Indeed, at oral argument, Berkun acknowledged that the correctional institution at which he is housed, FCI Miami, regulates the amount and type of personal property items he may possess. Berkun does not—and cannot—argue that such limitations are generally invalid.

[3] Berkun acknowledged at oral argument that the puzzle he seeks to obtain from the internet is not the puzzle he received from his child. Presumably, the puzzle he seeks to order is larger, with more pieces.


Hon. John Gleeson
July 3, 2012
Page 4

    To the extent that Berkun seeks to order a large jigsaw puzzle, storage and assembly could interfere with orderly prison administration.  For example, a jigsaw puzzle stored and assembled in Berkun's cell could cause unnecessary clutter, pose a fire hazard, and/or limit Berkun's living area.  Moreover, to the extent that Berkun seeks to store and assemble a jigsaw puzzle in common areas, prison officials may be required to grant Berkun (and potentially other inmates) reserved space for the same.  *Cf.* 28 C.F.R. § 553.11 ("Staff shall require that hobby shop items be removed from the living area when completed").  This presumes that the institution at which Berkun is housed can support, has the space for, and has the institutional resources to handle such an undertaking.

    Allowing Berkun to possess his own personal jigsaw puzzle could also raise issues of fairness.  If Berkun is permitted his puzzle, other inmates may also request a puzzle, once again raising concerns of limited space.  Further, if puzzles become approved personal property, prison officials may be confronted with the task of distinguishing between puzzles and any number of other articles of personal property that inmates subsequently request.  Certainly, these issues would lead to even greater interference with orderly prison administration.

    Undoubtedly, determining what constitutes permissible personal property under BOP regulations requires prison officials, based on their experience in and knowledge of their correctional institutions, to make professional judgments.  And these judgments are the type that courts have routinely recognized as valid exercises of discretion by the professionals tasked with administering our nation's penal institutions.  This is why courts have hesitated to interfere with internal prison administration, a matter uniquely within prison officials' realm of expertise.  *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.  Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint."); *Chapdelaine v. Keller*, No. 95-CV-1126, 1998 WL 357350, at *11 (N.D.N.Y. Apr. 16, 1998) (court declined to "interfere" with prison's decision to limit the number of sweatshirts that an inmate could possess).  Accordingly, 28 C.F.R. §§ 553.10 and 553.11 are valid as applied in this case.

Hon. John Gleeson
July 3, 2012
Page 5

### C. Conclusion

For the foregoing reasons, and for all of the reasons provided to date, Berkun's Petition should be denied and this action should be dismissed. We thank the Court for its time and attention to this matter.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/ electronically signed
AMEET B. KABRAWALA
Assistant U.S. Attorney
(718) 254-6001

cc:   By First-Class Mail
Alan M. Berkun
# 58618-053
FCI Miami
P.O. Box 779800
Miami, FL 33177